IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) Case No.: 4:25-cv-533 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| KLEIN INDEPENDENT SCHOOL | ) |
| DISTRICT, KEDRIA GRIGSBY and, | ) |
| ROGER MCGEE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Jane Doe[1] (hereinafter referred to as "Plaintiff"), brings this action against Defendants Klein Independent School District (hereinafter "Defendant Klein ISD"), Roger McGee and Kedria Grigsby for Defendants' violations of her rights under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681, et seq., and violations of her rights to equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution and federal rights under Title IX, pursuant to 42 U.S.C. §1983, and 18 U.S.C. §1589 and §1591.

**INTRODUCTION**

1. This is a civil rights case brought by Plaintiff Doe, a former student of the Klein Independent School District, who a school official targeted, exploited and abused.

2. Defendant Grigsby, a teacher at Defendant Klein ISD, recruited Plaintiff, a high-risk teenager and runaway, to live with Defendant Grigsby and her son, Defendant McGee.

---

[1] Due to the highly personal and sensitive nature of this matter, Plaintiff Doe requests leave to file under pseudonym for the sole purpose of protecting her identify and privacy as a victim of sexual violence.

3. Defendants Grigsby and McGee facilitated, effectuated and perpetuated the forced labor, sexual abuse and sexual trafficking of Plaintiff and other high-risk teenagers.

4. Plaintiff seeks recovery for the significant damages she has suffered as a result of Defendants' violations of her civil and constitutional rights.

## PARTIES

5. Plaintiff Jane Doe 1 is a resident of Harris County, Texas. At the time she suffered sexual abuse, assault, exploitation, harassment and discrimination, she was a minor and a resident of Harris County, Texas.

6. Defendant Roger McGee is a resident of Harris County, Texas.

7. Defendant Kedria Grigsby is a resident of Harris County, Texas.

8. Defendant Klein Independent School District (Klein ISD) is a public school district organized under the laws of the State of Texas with its principal place of business in Klein, Texas. It is a recipient of federal funds within the meaning of 20 U.S.C. §1681, et seq.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to S.C. Const. Ann. Art. V, § 11, Jurisdiction of Circuit Court., as this case arises under federal law, specifically Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., 18 U.S.C. §1595, and 18 U.S.C. §1591.

10. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1343(a)(3) and (4) because Plaintiff seeks redress and damages related to the deprivation of her civil and federal rights under 42 U.S.C. §1983.

11. This Court has personal jurisdiction over Defendant McGee because he, upon information and belief, resides in Harris County, Texas, which is located in the Southern District of Texas.

12. This Court has personal jurisdiction over Defendant Grigsby because she, upon information and belief, resides in Harris County, Texas, which is located in the Southern District of Texas.

13. This Court has personal jurisdiction over Defendant Klein Independent School District because, upon information and belief, it is a public school district located in and organized under the laws of Texas with its principal place of business in Klein, Texas, which is located in the Southern District of Texas.

14. Venue is proper pursuant to 28 U.S.C. §1391 because the events and omissions giving rise to this complaint occurred in the Southern District of Texas.

**STATEMENT OF FACTS**

15. During the years 2021 and 2022, Plaintiff was a 17-year-old runaway and high school dropout, making her particularly vulnerable to exploitation.

16. At all times relevant to this complaint, Defendant Grigsby was employed as a teacher by Defendant Klein ISD.

17. Defendant McGee is the adult son of Defendant Grigsby.

18. At all times relevant to this complaint, Plaintiff's mother was employed as a teacher by Defendant Klein ISD.

19. Defendant Grigsby targeted Plaintiff due to her vulnerable status as a runaway and high school dropout. Defendant Grigsby induced Plaintiff to move into her home.

20. Once Plaintiff was living in Defendant Grigsby's home, Defendants Grigsby and McGee forced Plaintiff into prostitution.

21. During the time Defendants Grigsby and McGee were holding Plaintiff at their home, Defendant Grigsby's brother, FNU Wade a Harris County Sheriff's Deputy, was also living with Defendants Grigsby and McGee in their home.

22. On or about November 4, 2021, Plaintiff attended school and was observed by a school administrator, Johnnie Hayes, to have bruises on her arm. When Hayes threatened to contact Child Protective Services, an incident occurred where school police were called and chased Plaintiff off campus. Upon information and belief, both the assistant principal and principal were notified. This was the last day that Plaintiff physically attended school. That same day, Plaintiff's mother contacted Defendant Klein ISD and requested a welfare check for Plaintiff. Upon information and belief, no welfare check was ever performed.

23. On or about March 11, 2022, officials at Defendant Klein ISD participated in a Zoom call with Plaintiff to discuss her prolonged absence from school. Defendants Grigsby and McGee were present during the call.

24. On or about May 10, 2022, Defendant McGee sent a text message to Plaintiff's mother informing her that Plaintiff was staying with Defendants Grigsby and McGee and that "[they] t[oo]k[] care of [Plaintiff] now." Defendant McGee then proceeded to threaten and intimidate Plaintiff's mother by informing her that there were warrants and open DSS investigations against her. Defendant McGee informed Plaintiff's mother that he knew where Plaintiff's mother worked.

25. During this time, Defendants Grigsby and McGee restricted Plaintiff's movements and forbade Plaintiff to have any contact with her mother and family.

26. Defendant McGee acted as Plaintiff Doe's "pimp," facilitating her engagement in commercial sex acts. Defendant McGee created a profile for Plaintiff on the website Megapersonals, which is a site utilized to promote and facilitate commercial sex acts.[2] Defendant McGee took explicit photographs of Plaintiff and posted them to the Megapersonals page, along with advertisement messaging for the commercial sex acts Plaintiff was forced to perform. Defendant McGee forced Plaintiff to advertise herself as available to satisfy "all your fantasies and your wants and needs." Her advertisement further promoted sexually explicit video chat sessions and various time slot options at different price points.

27. Defendants Grigsby and McGee provided Plaintiff with and dosed her with alcohol and prescription drugs, including but not limited to Roxicodone and Oxycontin on a daily basis.

28. Defendants Grigsby and McGee provided Plaintiff with condoms and a schedule for "dates" or "licks," which were scheduled sessions of commercial sex acts.

29. Defendants Grigsby and McGee set certain "quotas" for Plaintiff, which dictated how much money Plaintiff would need to earn each day. At times, Plaintiffs quotas were well into the thousands of dollars, requiring her to perform sex acts on as many as 15-20 "johns" per night.

30. Plaintiff was forced to perform all manner of sexual acts on "johns" who Defendants Grigsby and McGee scheduled and coordinated.

31. Defendant Grigsby facilitated the use of her vehicle to transport Plaintiff and other minor victims to locations where they were ordered to engage in forced prostitution.

---

[2] [MegaPersonals: Classified hookups](#)

32. Defendants Grigsby and McGee transported Plaintiff and others to a location called "The Blade," which was an outdoor, parking lot-style area where Plaintiff and others would engage in acts of forced prostitution with johns.

33. Defendants Grigsby and McGee transported Plaintiff and others to various area hotels, including but not limited to Hotel Royale and Camelot Inn. Defendants Grigsby and McGee would arrange for "incalls" at this location, which referred to sexual transactions where the "johns" would come to a prearranged location to meet Plaintiff for their services.

34. Defendants Grigsby and McGee also arranged for and required Plaintiff to perform "outcalls," where Plaintiff would travel to various locations to perform sexual services for "johns."

35. Defendant Grigsby made hotel room reservations, coordinated the scheduling of "johns" and collected the money that Plaintiff Doe earned through forced prostitution using electronic payment apps such as Zelle and CashApp.

36. Plaintiff was not permitted to keep any of the proceeds from the performance of services. All cash was handed over to Defendants Grigsby and McGee. Any electronic payments were sent directly to Plaintiff Grigsby.

37. If Plaintiff questioned anything, complained about anything, disobeyed Defendants Grigsby and McGee, or otherwise showed signs of insubordination, Plaintiff would be subjected to violent acts of physical abuse, including numerous occasions where she was pistol-whipped, kicked, punched and severely beaten by Defendant McGee. The physical punishments left Plaintiff bloodied, bruised and in fear for her life.

38. Defendant McGee's extreme physical abuse of Plaintiff took place at numerous locations including in Defendant Grigsby's vehicle, hotels, "the Blade" and Defendants Grigsby and

McGee's home, in the presence of Defendant Grigsby's brother who was a Harris County Sheriff's Department deputy.

39. In addition to physical cruelty, Plaintiff was also subjected to extreme verbal and psychological abuse.

40. Defendant McGee's abuse of Plaintiff was so frequent and so severe, Plaintiff was suicidal.

41. In 2023, Plaintiff contracted a sexually transmitted infection. Defendant Grigsby took Plaintiff to a clinic for medical evaluation and treatment, including antibiotics. Defendant Grigsby drove Plaintiff to the pharmacy near her home, where she picked up and paid for Plaintiff's antibiotic to treat Plaintiff's STI.

42. Defendant Grigsby used her position as a teacher in Klein ISD to recruit and exploit other vulnerable students like Plaintiff, forcing them to participate in prostitution for her financial benefit.

43. Defendants Grigsby and McGee recruited other high school dropouts and high-risk minors to work for their enterprise. Defendant McGee informed Plaintiff that one such minor was Plaintiff's "wifey" and instructed Plaintiff to care for the minor and teach her the rules and protocols of Defendants Grigsby and McGee's enterprise. If Plaintiff did not manage the other girls to Defendants' satisfaction, Plaintiff would be punished.

44. Defendant McGee utilized threats and physical violence to maintain strict control over Plaintiff and the other girls, often pitting them against one another, creating a culture of fear. If Plaintiff tried to run away from Defendants Grigsby and McGee's home, escape from a hotel room or refuse to perform sex work, the other girls would report Plaintiff's noncompliance to McGee. Likewise, Plaintiff was expected to report to McGee any noncompliance by the other girls in order to escape punishment for herself.

45. On or about February 9, 2023, during the course of an investigation into complaints of sex trafficking in the area, local law enforcement obtained warrants for Plaintiff's arrest, charging her with Compelling Prostitution in violation of state law.

46. On or about February 21, 2023, Plaintiff's mother reported the trafficking of Plaintiff by Defendants Grigsby and McGee to local law enforcement.

47. On or about February 22 and 23, 2023, Plaintiff's mother reported the trafficking of Plaintiff by Defendants Grigsby and McGee to Defendant Klein ISD, and the Texas Office of the Attorney General.

48. On or about February 23, 2023, Defendant Grigsby informed Plaintiff that Klein ISD employees informed Defendant Grigsby that Plaintiff's mother made a report about Defendant Grigsby. Defendant Grigsby told Plaintiff that Plaintiff's mother would be terminated as a result of the report.

49. Plaintiff's criminal charges were dismissed on or about March 23, 2023.

50. Defendant Grigsby was arrested on April 8, 2024 and charged with trafficking a child and compelling prostitution of juveniles.

51. In a statement to People Magazine, Defendant ISD falsely claimed that it had no knowledge of Defendant Grigsby's involvement in child sex trafficking until she was arrested in April, 2024.[3] In fact, Plaintiff's mother reported Defendant Grigsby's trafficking of Plaintiff to Defendant Klein ISD in February of 2023—more than a year earlier.

52. As a result of Defendants' egregious, unlawful actions and inaction, Plaintiff has suffered, and continues to suffer from suicidal ideation, depression, anxiety, post-traumatic stress disorder, sleep disturbance and social isolation.

---

[3] High School Teacher Accused of Sex Trafficking Teenage Runaways

## CLAIMS FOR RELIEF

### Count I - Violation of Title IX
### (*against Defendant Klein ISD*)

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50 as if fully set forth herein.

54. Defendant Klein ISD receives federal funding.

55. Klein ISD is a public school district that receives federal financial assistance for its educational programs and activities.

56. Plaintiff was subjected to discrimination on the basis of sex.

57. Defendant Grigsby, an employee of Klein ISD, targeted Plaintiff Darden for sexual exploitation and forced her into prostitution.

58. The discrimination was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits.

59. Plaintiff was forced into prostitution, which completely deprived her of any educational opportunities or benefits that she could have received from Klein ISD.

60. Plaintiff was forced to perform sex acts at all hours of the day, every day of the week, preventing her from returning to school or continuing her education

61. Defendant Klein ISD had actual knowledge of Plaintiff's abuse and exploitation.

62. Defendant Klein failed to investigate or intervene.

63. Defendant Klein ISD was deliberately indifferent to the abuse.

64. Specifically, Defendant ISD violated Title IX by:

    a. Failing to conduct an investigation into Defendant Grigsby's misconduct, or being deliberately indifferent thereto;
    b. Protecting and advocating for Defendant Grigsby, despite reports of her involvement in trafficking students;

  c. Creating an atmosphere that tolerated sexual abuse of Plaintiff, or being deliberately indifferent thereto;
  d. Failing to develop or adopt policies and procedures regarding proper investigation of reports of sexual abuse;
  e. Failing to discipline employees for their willful disregard to Plaintiff's safety and rights, or being deliberately indifferent thereto;
  f. Failing to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff after she was sexually abused by Defendants Grigsby and McGee, or being deliberately indifferent thereto; and
  g. Through other actions, omissions and deliberate indifference.

65. As a direct and proximate result of Defendant ISD's action, inaction and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which she is entitled to be compensated, including, but not limited to:

  a. Past, present and future physical and psychological pain, suffering and impairment;
  b. Medical bills, counseling, and other costs and expenses for past and future medical bills and psychological care;
  c. A marred educational record, and impaired educational capacity and future earning capacity;
  d. Attorneys' fees and costs; and
  e. Such other relief as this Court deems just and proper.

### Count II – Forced Labor
### 18 USC §1589
### (*against defendants Roger McGee and Kedria Grigsby*)

66. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 63 as if fully set forth herein.

67. Defendant Grigsby targeted Plaintiff, a minor child and vulnerable student, and induced her to move into Grigsby's home. Defendant McGee then acted as Plaintiff's pimp, facilitating her engagement in commercial sex acts.

68. Plaintiff was a high school dropout at the time of the exploitation, indicating she was likely under 18 years of age.

69. Defendants McGee and Grigsby knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited Plaintiff.

70. Defendants Grigsby and McGee knowingly obtained the labor or services of Plaintiff.

71. Defendants Grigsby and McGee compelled Plaintiff to engage in commercial sex acts, which constitutes labor or services.

72. At the time the conduct began, Plaintiff was under 18 years of age.

73. Defendants knew or recklessly disregarded that Plaintiff was under 18.

74. Defendants Grigsby and McGee used means of force, threats of force, physical restraint, or threats of physical restraint to obtain Plaintiff's labor or services.

75. Defendants, through threats and perpetration of physical violence, continuously forced Plaintiff to engage in commercial sex acts over a period of years.

76. Defendants' actions were in or affecting interstate or foreign commerce.

77. Defendants utilized internet platforms including, but not limited to "Megapersonals", and payment websites including Zelle and CashApp in furtherance of the sex trafficking of Plaintiff and others.

78. Defendants forced Plaintiff into prostitution, with Defendant McGee acting as her pimp and Defendant Grigsby collecting the money earned from the commercial sex acts.

79. As a direct and proximate result of Defendants' violations of 18 U.S.C. §1589, Plaintiff has suffered and will continue to suffer substantial damages, including physical injury, psychological and emotional distress and injury, educational and economic loss.

### Count III – Sex Trafficking of Children or by Force, Fraud or Coercion
### 18 USC §1591
(*against defendants Roger McGee and Kedria Grigsby*)

80. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 77 as if fully set forth herein.

81. Defendants McGee and Grigsby knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited Plaintiff, a minor child and vulnerable student, and induced her to move into Grigsby's home. Defendant McGee then acted as Plaintiff's pimp, facilitating her engagement in commercial sex acts.

82. Defendants utilized internet platforms including "Megapersonals" to advertise Plaintiff and her commercial sex services.

83. Defendants utilized electronic payment platforms including, Zelle and CashApp to collect profits gained from the sex trafficking of Plaintiff and others.

84. Defendants Grigsby and McGee used physical restraint, or threats of physical restraint, physical violence, threats of physical violence against others, emotional and psychological abuse and coercion to obtain Plaintiff's labor or services.

85. Defendants, through threats and perpetration of physical violence, continuously forced Plaintiff to engage in commercial sex acts over a period of years.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding Plaintiff compensatory damages against all Defendants in an amount to be determined at trial for the physical, emotional, and financial harm suffered by Plaintiff; punitive damages against Defendants Roger McGee and Kedria Grigsby in an amount to be determined at trial; injunctive relief requiring Defendant Klein Independent School District to implement policies, procedures, and training programs designed to prevent the sexual exploitation

and trafficking of students; attorney's fees and costs incurred in bringing this action; pre-judgment and post-judgment interest as allowed by law; and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Jane Doe respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

s/ Aysia Mayo-Gray
S.D. Texas No. 3546753
Jonathan Jackson
J JACKSON LAW OFFICES
6944 Cypress Creek Parkway #200
Houston, TX 77069
Phone: (855) 438-5552
Email: jjackson@855getjjlaw.com

STROM LAW FIRM, LLC

Bakari T. Sellers (*PHV application forthcoming*)
6923 North Trenholm Road
Columbia, South Carolina 29206
(803) 252-4800
bsellers@stromlaw.com


*Attorneys for Plaintiff Jane Doe 1*

This the 7th day of February, 2025