Case 4:25-cv-00533   Document 32   Filed on 05/22/25 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
May 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANE DOE, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. 25-533 |
| § | |
| KLEIN INDEPENDENT SCHOOL § | |
| DISTRICT, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

The plaintiff, Jane Doe, alleges that she was a 17-year-old Klein High School student in 2021 when a Klein Independent School District teacher, Kedria Grigsby, and her adult son, Roger McGee, recruited Doe and forced her into prostitution for their financial benefit. Doe sues Klein ISD, Grigsby, and McGee, asserting claims under Title IX, 20 U.S.C. § 1681, the Fourteenth Amendment, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 794, and the McKinney-Vento Act, 42 U.S.C. §§ 11431-11435. Doe claims that officials at Klein ISD knew that she was being trafficked by Grigsby and McGee and failed to take appropriate action. She also asserts claims against Grigsby and McGee for forced labor and sex trafficking.

Klein ISD has moved to dismiss the claims asserted against it. (Docket Entry No. 18). Doe has responded, and Klein ISD has replied. (Docket Entry Nos. 20, 22). Klein ISD also moves to strike certain exhibits attached to Doe's response to the motion to dismiss. (Docket Entry No. 21).

Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion to dismiss the claims against Klein ISD, (Docket Entry No. 18), and the motion to strike, (Docket Entry No. 21). The claims against Grigsby and McGee remain.

I.     **Background**

Doe alleges that while she attended Klein High School from 2020 through 2022, she required special services and had an Individualized Education Plan (IEP). (*Id*. at ¶ 20). During 2021 and 2022, Doe "left her home" and "had attendance and emotional health issue[s], making her particularly vulnerable to exploitation." (*Id*. at ¶¶ 20, 21). Does alleges that on November 4, 2021, a school administrator, Johnnie Hayes, saw bruises on Doe's arm. (*Id*. at ¶ 23). Doe alleges that Hayes "threatened" to contact Child Protective Services, and that "an incident occurred where school police were called and chased [Doe] off campus." (*Id*.). Doe alleges that she stopped attending school after that incident. (*Id*.). On the same day, Doe's mother allegedly contacted Klein ISD and requested a welfare check for Doe. (*Id*.). Doe alleges that no welfare check ever occurred. (*Id*.).

Doe alleges that around the spring of 2022, she began living with Grisgby, who was a cosmetology teacher at Klein High School. (*Id.* at ¶ 25). Doe alleges that Grigsby took advantage of her vulnerable status as a runaway to "induce" Doe into living with Grigsby and her adult son, McGee. (*Id.* at ¶ 28). Doe alleges that once she was living with Grisgby and McGee, they began forcing her into prostitution, with McGee acting as Doe's "pimp." (*Id*. at ¶ 29).

On March 11, 2022, administrators at Klein ISD held a Zoom call with Doe, her mother, Grigsby, McGee, and others to discuss Doe's prolonged absence from school, and to discuss her IEP. (*Id*. at ¶¶ 32-33). On that same day, Doe alleges that Klein ISD "unilaterally withdrew" Doe from school despite Doe's mother's objections. (*Id*. at ¶ 34). Neither Doe nor her mother were able to appeal that decision. (*Id*.).

Doe alleges that while she lived with Grigsby and McGee, they restricted Doe's movements, forbade her to contact her family, and threatened her mother. (*Id*. at ¶¶ 35-36). Doe also alleges that Grisgby and McGee forced Doe to advertise online that she was available to perform commercial sex acts; "dosed" her with drugs and alcohol; set quotas and schedules for how many commercial sex acts she had to perform on a daily basis; coordinated meetings with "johns"; used Grigsby's vehicle to transport Doe and other minor victims to locations where they were forced to prostitute themselves; kept the proceeds from Doe's coerced performance of commercial sex acts; physically and verbally abused her; and forced her to supervise other minors who were also required to perform commercial sex acts. (*Id*. at ¶¶ 37-50, 54). Doe alleges that Grigsby used her position as a teacher at Klein ISD to recruit and exploit other vulnerable students like Doe, forcing them to participate in prostitution for her financial benefit. (*Id*. at ¶ 53).

Doe alleges that on February 9, 2023, she was arrested and charged with compelling prostitution in violation of state law; those charges were later dismissed. (*Id*. at ¶¶ 56, 61). On February 21, 2023, Doe's mother told local law enforcement that Grisby and McGee had trafficked Doe. (*Id*. at ¶¶ 57-58). Two days later, Doe's mother told Klein ISD and the Texas Office of the Attorney General that Doe had been abused since 2021, while she was a student at Klein High School. (*Id*.). Doe claims that after receiving the report, neither Klein High School nor Klein ISD administrators "took any remedial action as is required under District policy, state law, and federal law." (*Id*. at ¶ 59). Grigsby was arrested on April 8, 2024, and charged with trafficking a child and compelling prostitution of juveniles. (*Id.* at ¶ 62).

Doe alleges that "[a]fter Klein ISD took no action, [Doe] continued to be abused and subjected to mental abuse and grooming from Defendant McGee with assistance from Defendant Grigsby." (*Id*. at ¶ 64). Doe alleges that as a direct result of Klein ISD's failure to act, and of

3

McGee and Grigsby's actions, Doe suffers from "suicidal ideation, depression, anxiety, post-traumatic stress disorder, sleep disturbance and social isolation." (*Id*. at ¶ 67).

Doe asserts the following claims against Klein ISD: (1) gender discrimination under Title IX (*id*. at ¶¶ 68-82); (2) violations of Fourteenth Amendment rights to due process and equal protection under 42 U.S.C. § 1983 (*id*. at ¶¶ 83-94); (3) disability discrimination under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 794 (*id*. at ¶¶ 95-100); (4) and a claim under the McKinney-Vento Act, 42 U.S.C. §§ 11431-11435, under Section 1983 (*id*. at ¶¶ 101-106).

**II.    The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the

4

allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

An action may be dismissed under Rule 12(b)(6) when "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

**III.   Analysis**

The relevant timeline is as follows. Doe alleges that after the November 4, 2021, incident, when a school administrator saw bruises on Doe's arm and threatened to call Child Protective Services, Klein ISD knew that she was being abused and failed to perform a welfare check on Doe after one was requested by Doe's mother. After the November 4, 2021, incident, Doe stopped coming to school. Doe alleges that she began to live with Grisgby and McGee in "Spring 2022." Doe alleges that in March 2022, Klein ISD unilaterally withdrew Doe from school and did not allow her or her mother a chance to appeal the withdrawal decision. Doe also alleges that in February 2023, Doe's mother reported to law enforcement and to Klein ISD that Doe had been trafficked since 2021, when she was a student at Klein High School. Grigsby was arrested on April 8, 2024, and charged with trafficking a child. Doe further alleges that even after her mother reported the trafficking to law enforcement and to Klein ISD, Doe continued to be abused by Grigsby and McGee.

**A.   The Motion to Strike**

Klein ISD moves to strike the exhibits to Doe's response to the motion to dismiss. (*See* Docket Entry Nos. 20-1, 20-2, 20-3, 20-4). Those exhibits consist of several KISD Board Policies,

5

a KISD Student Handbook for the current school year (2024-2025), and a list of various articles related to KISD.

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). The court finds that these exhibits fall outside of the scope of the materials that the court may consider in reviewing a motion to dismiss. Doe's response to the motion to strike fails to cite any portions of the complaint incorporating the documents that Doe has attached as exhibits. The motion to strike, (Docket Entry No. 21), is granted.

### B. The Title IX and Constitutional Claims

Doe filed this suit on February 7, 2025. (Docket Entry No. 1). Klein ISD argues that the statute of limitations on Doe's Title IX and constitutional claims expired, at the latest, on December 31, 2024. (Docket Entry No. 18 at 15). Klein ISD argues that Doe's claim accrued in November 2021, when she alleges that both Doe and Klein ISD became aware of the abuse, but the two-year statute of limitations was tolled until Doe turned 18 years old. (*Id*. at 13). Based on Doe's pleadings, Doe would have turned 18 by December 31, 2022.[1] (*Id*. at 13). Klein ISD argues that the Fifth Circuit's decision in *King-White v. Humble Independent School District*, 803 F.3d 754 (5th Cir. 2015), mandates dismissal of the Title IX and constitutional claims based on limitations. (*Id*.).

---

[1] During the May 16, 2025, initial conference, the parties stipulated that Doe turned 18 on September 21, 2022.

Doe's Fourteenth Amendment due process and equal protection claims are brought under Section 1983. "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, the statute of limitations for personal injury claims is two years. *Brockman v. Tex. Dep't of Crim. Justice*, 397 F. App'x 18, 21 (5th Cir. 2010) (per curiam) ("Since there is no federal statute of limitations for ... § 1983 claims, we look to the general personal injury limitations period provided by the forum state, which in this case is Texas's two-year limitations period."). "Title IX [is] subject to state statutes of limitations for personal injury actions." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 583 (5th Cir. 2020). Doe's Title IX claims are also subject to a two-year statute of limitations.

"[A] cause of action under Section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Humphreys v. City of Ganado*, 467 F. App'x 252, 255 (5th Cir. 2012) (per curiam) (quoting *Price v. City of San Antonio*, 431 F.3d 890, 893 (5th Cir. 2005)). The same is true of Title IX claims. *See Sewell*, F. 3d at 583.

Doe alleges that, beginning in November 2021, she was subjected to discrimination and harassment based on sex. (Docket Entry No. 6 at ¶ 72). Without referring to a specific date, Doe generally alleges that Klein ISD had actual knowledge of the abuse and exploitation, and repeatedly failed to report, intervene, or otherwise address the abuse. She also alleges that Klein ISD violated Title IX by: failing to report the suspected abuse and neglect of Doe; failing to investigate Grigsby's misconduct; protecting and advocating for Grigsby, despite reports of her involvement in trafficking students; creating an atmosphere that allowed Doe to be sexually abused; failing to develop or adopt policies and procedures regarding proper investigation of reports of sexual abuse; failing to develop or adopt policies and procedures regarding proper

7

investigation of reports of sexual abuse; allowing Doe to continue being mentally abused and groomed after receiving a report that she had been trafficked; failing to take action against Grigsby after it was reported that she was orchestrating the abuse, grooming, and sex trafficking of Doe; and failing to provide adequate health, psychological, counseling, and academic assistance and services to Doe after she was sexually abused by Grigsby and McGee. (*Id*. at ¶ 81).

Doe's claims of violations of Fourteenth Amendment rights to due process and equal protection under Section 1983 assert that Doe was the "victim of state-created danger in the following non-exhaustive ways": (1) being forced into prostitution, sexually assaulted, and subjected to grooming after Klein High School officials failed to report bruises and suspicion of abuse as required under law and school district policy; (2) being forced to move into the same residence with her pimp and "handler," McGee and Grigsby, after Klein ISD failed to investigate Doe's "chronic absenteeism"; and (3) being subjected to continued manipulation and grooming by Grigsby and McGee after Klein ISD failed to investigate the allegations of abuse and trafficking made in February 2023.

In *King-White*, the Fifth Circuit considered whether the district court had erred in finding that the plaintiffs' Title IX and Section 1983 claims against Humble Independent School District, arising out of the plaintiff student's abuse by her teacher, were time-barred. The court first considered when the plaintiffs became aware of the existence of the injury—the school district's failure to stop the abuse—and should have reasonably begun to investigate any legal claims against the defendant. The court found that the statute of limitations began to accrue once the plaintiffs were "sufficiently aware of the facts that would ultimately support their claims by the time that A.W. turned 18. …" (*Id*. at 762-63). The plaintiffs' claims that they did not know about "complaints from other parents" or "certain alleged HISD 'policies'" did not delay accrual of the

8

injury when the basic facts supporting the claims against the school district—that the student was living with her teacher, and that complaints to administrators had gone unheeded—were known sooner. (*Id.*).

Applying *King-White*, Doe's Title IX and Section 1983 claims are untimely. Doe's complaint alleges that administrators at Klein High School failed to report the bruises that Hayes observed on Doe's arm in November 2021. (Docket Entry No. 4 at ¶ 23). Doe alleges that on the same day, her mother asked Klein ISD to perform a welfare check, which was not done. (*Id.*). Doe alleges that she began to live with Grigsby, her teacher, in Spring 2022; she was forced into prostitution by McGee soon after that; and around the same time, Klein ISD held a Zoom meeting with Doe and her mother that Grigsby and McGee attended, despite the fact that neither Grisgby or McGee was Doe's parent or family member. (*Id.* at ¶¶ 25, 29, 32).

By the spring of 2022, Doe had enough information to know that Klein ISD had injured her by failing to report bruises and suspected abuse, and that Klein ISD knew that Grisgby and McGee—who were not Doe's parents, relatives, or guardians—had taken unusually involved roles in Doe's education and life. And by spring 2022, by which point Doe had stopped attending school and had been unilaterally withdrawn from Klein High School, she knew that Klein ISD had failed to investigate her "chronic absenteeism," which Doe alleges had been ongoing since November 2021. By spring 2022, Doe also knew that she was being trafficked by one of her schoolteachers. Doe's Title IX and Section 1983 claims began to accrue in spring 2022, although they were tolled until Doe turned 18 in September 2022.

Doe argues that Klein ISD is estopped from asserting a statute of limitations defense because Klein ISD fraudulently concealed the existence of Doe's causes of actions. (Docket Entry No. 20 at 28). Doe argues that "[u]nder the allegations of the Complaint, not only did the District

9

conceal its knowledge of abuse from child protective services, law enforcement, and Plaintiff's mother as mandatory reporters, but Plaintiff had been chased off school grounds and never returned so she had no opportunity to discover the District had neither reported nor investigated the conduct." (*Id*.). But Doe's complaint allegations do not suggest that before February 2023, Klein ISD or its administrators took measures to conceal from Doe the existence of any causes of action. Instead, Doe alleges that Klein ISD officials failed to act on their own knowledge of the abuse. Doe's complaint appears to allege that in February 2023, after Doe's mother reported to Klein ISD that Doe was being trafficked, Klein ISD concealed this information from law enforcement. (*Id*. at ¶ 58). But, as in *King-White*, those allegations are insufficient to extend the limitations period. The court has already concluded that Doe's claims accrued by the spring of 2022, albeit tolled until September 2022, and by February 2023, Doe "had sufficient knowledge of the relevant facts by that time to end any 'estoppel effect' that would otherwise apply." *King-White*, 803 F.3d at 764-65. The claims under Title IX and Section 1983 are untimely and barred by the statute of limitations.

### C. The Section 504 Claim

"A claim under the Rehabilitation Act is subject to a two year statute of limitations." *Bhatti v. Sessions*, 2018 U.S. Dist. LEXIS 149643 (S.D. Tex. Aug. 10, 2018) (citing *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982-83 (5th Cir. 1992)); *see also Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). Doe asserts that Klein ISD violated Section 504 by failing to: properly implement and address her IEP; timely address her behavioral needs and absenteeism; and report Doe as a truant after the March 11, 2022, IEP meeting. (Docket Entry No. 4 at ¶ 98). In essence, Doe claims that Klein ISD failed to provide her with appropriate educational services and accommodations, and in doing so, violated her rights under Section 504. (*Id*. at ¶ 99). But the

10

injuries that Doe identifies accrued, at the latest, in 2022, when it became apparent to Doe that Klein ISD had failed to report her as a truant after the IEP meeting. The other injuries that Doe identifies—the failure to properly implement her IEP and to timely address her behavioral needs and absenteeism—would have become apparent to Doe throughout 2021 and 2022, when, as she alleges, Klein ISD failed to take appropriate action after Doe stopped attending school in November 2021, or when Klein ISD "unilaterally withdrew" Doe from school over her and her mother's objections. Even tolling the statute of limitations until September 2022, when Doe turned 18, her Section 504 claim is untimely.

### D. The McKinney-Vento Act Claim

Doe's claims under the McKinney-Vento Homeless Assistance Act of 1987 are brought under Section 1983. (Docket Entry No. 4 at ¶ 105). As discussed above, claims under Section 1983 have a two-year statute of limitations in Texas. *See Piotrowski*, 237 F.3d at 576; *Brockman*, 397 F. App'x at 21. Doe asserts that Klein ISD violated the McKinney-Vento Act, which ensures that homeless youths can enroll in and attend school, by: failing to ensure Doe's continued attendance at school; failing to provide Doe with a written explanation of the decision to withdraw her from school or informing Doe and her family of her right to appeal; and failing to report her as truant after she was withdrawn from Klein High School in March 2022. (Docket Entry No. 4 at ¶ 105). But, like the violations of Section 504, these injuries accrued at the latest by the spring of 2022, at which point Doe had stopped attending school and had been withdrawn as a student from Klein High School with no opportunity to appeal the decision, and were tolled only until Doe turned 18 in September 2022. For these reasons, the McKinney-Vento Act claim is also untimely.

## IV. Conclusion

The motion to dismiss, (Docket Entry No. 18), and the motion to strike, (Docket Entry No. 21), are granted. The court dismisses the claims against Klein ISD, without prejudice, and with leave to amend no later than June 23, 2025. The claims against McGee and Grigsby remain.

SIGNED on May 22, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge