United States District Court
Southern District of Texas
**ENTERED**
October 23, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-533 |
| | § | |
| KLEIN INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Jane Doe, alleges that she was a 17-year-old Klein Cain High School student in 2021 when a Klein Independent School District teacher, Kedria Grigsby, and her adult son, Roger Magee, forced Doe into prostitution to make them money. Doe sues Klein ISD, Grigsby, and McGee. Doe asserts a Title IX claim against Klein ISD, alleging that Klein ISD officials knew that she was being sexually trafficked by Grigsby and Magee and failed to take appropriate action, depriving her of access to educational opportunities.

Klein ISD moves to dismiss the Title IX claim against it, with prejudice. (Docket Entry No. 34). Doe has responded, and Klein ISD has replied. (Docket Entry Nos. 35, 36). Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion to dismiss, (Docket Entry No. 34), with prejudice. The claims against Grigsby and Magee remain.

The reasons for these rulings are set out below.

I.     **Background**

Doe alleges that while she attended Klein Cain High School from 2020 through 2022, she required special educational services and had an Individualized Education Plan. (Docket Entry No. 33 ¶¶ 19, 21). Doe had "left her home" and "had attendance and emotional health issues" that

made "her particularly vulnerable to exploitation." (*Id.* ¶ 22). Doe alleges that, on November 4, 2021, a school administrator, Johnnie Hayes, saw bruises on Doe's arm. (*Id.* ¶ 24). Doe alleges that "Hayes threatened to contact Child Protective Services" and that she "ran away in fear of what would happen to her if CPS became involved in her situation." (*Id.* ¶ 25). Doe alleges that police "were called to the school" that day and that they "chased" her off campus. (*Id.* ¶ 26). Doe alleges that, on the same day, her mother contacted Klein ISD and requested a welfare check for Doe. (*Id.* ¶ 28). Doe alleges that no welfare check occurred and that school officials failed to investigate or file a report about Doe's injuries. (*Id.* ¶ 29). Doe stopped attending school after this November 4, 2021, incident. (*Id.* ¶ 30).

Doe alleges that, in the spring of 2022, she was "induced" into living with Grigsby, a cosmetology teacher at the school, and her adult son, Magee. (*Id.* ¶¶ 31–32). Doe alleges that Klein ISD "had a role in placing [her] in this setting." (*Id.* ¶ 33). Doe alleges that once she was living with Grigsby and Magee, they began forcing her into prostitution, with Magee acting as Doe's "pimp." (*Id.* ¶ 35).

On March 11, 2022, Klein ISD administrators held a Zoom call with Doe, Grigsby, Magee, and others to discuss Doe's prolonged absences from school and her education plan. (*Id.* ¶¶ 39–40). The same day, Doe alleges, Klein ISD "unilaterally withdrew" her from school despite her mother's objections. (*Id.* ¶ 41). Neither Doe nor her mother were able to appeal that decision. (*Id.*).

Doe alleges that while she lived with Grigsby and Magee, they restricted her movements, forbade her from contacting her family, and threatened her mother. (*Id.* ¶¶ 43–44). Doe specifically alleges that Grigsby and Magee:

- forced Doe to advertise online that she was available to perform commercial sex acts;

- "dosed" her with drugs and alcohol;

- set quotas and schedules for how many commercial sex acts she had to perform on a daily basis;

- coordinated meetings with "johns";

- used Grigsby's vehicle to transport Doe and other minors to locations where they were forced to perform commercial sex acts;

- kept the proceeds from Doe's coerced commercial sex acts;

- physically and verbally abused her; and

- forced her to supervise other minors who were also required to perform commercial sex acts.

(*Id.* ¶¶ 45–57, 64).

Doe alleges that Grigsby used her position as a Klein ISD teacher "to recruit and exploit vulnerable students like [Doe], forcing them to participate in prostitution for [Grigsby's] financial benefit." (*Id.* ¶ 62). Doe alleges that Klein ISD "did nothing" when it learned that Doe was living in Grigsby's home and that she and her son were abusing Doe. (*Id.* ¶ 66).

Doe alleges that on February 9, 2023, she was arrested and charged with compelling prostitution in violation of state law. (*Id.* ¶ 67). Those charges were later dismissed. (*Id.* ¶ 77). On February 21, 2023, Doe's mother told local law enforcement that Grigsby and Magee had trafficked Doe. (*Id.* ¶ 68). The next day, Doe's mother told Klein ISD and the Texas Office of the Attorney General that Doe had been trafficked since 2021, while she was a student at Klein. (*Id.* ¶¶ 69–70). Doe alleges that, on February 23, 2023, Grigsby stated that Doe's mother "would be terminated" for reporting Grigsby to law enforcement. (*Id.* ¶ 73).

Doe alleges that after Klein ISD administrators received the report from Doe's mother about the abuse Doe had suffered, they did not take "any remedial action," which was "required

3

under District policy, state law, and federal law." (*Id.* ¶¶ 71–72). Doe alleges that this was "evidence that certain officials at Klein ISD assisted" in Grigsby's "trafficking enterprise." (*Id.* ¶ 74). Doe alleges that, after February 22, 2023, Klein ISD violated her Title IX rights by failing to report, investigate, or otherwise act on "the sex trafficking of its students by one of its teachers." (*Id.* ¶¶ 75–76). It was not until April 2024 that Grigsby was arrested and charged with trafficking a child and compelling the prostitution of juveniles. (*Id.* ¶ 78).

Doe had previously asserted four claims against Klein ISD: (1) gender discrimination under Title IX; (2) violations of Fourteenth Amendment rights to due process and equal protection under 42 U.S.C. § 1983; (3) disability discrimination under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and (4) a Section 1983 claim under the McKinney-Vento Act, 42 U.S.C. §§ 11431-11435. (Docket Entry No. 6 ¶¶ 68–106). The court dismissed Doe's claims against Klein ISD, without prejudice, because limitations barred them. (Docket Entry No. 32 at 6–12). Doe filed amended her complaint, reasserting a claim under Title IX against Klein ISD. (Docket Entry No. 33 ¶¶ 93–106). Klein ISD renews its motion to dismiss based on limitations. (Docket Entry No. 34).

## II.    The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

4

harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (cleaned up). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

An action may be dismissed under Rule 12(b)(6) when "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). This court freely grants leave to amend pleadings when justice so requires. *See* FED. R. CIV. P. 15(a)(2). One reason to deny leave to amend is if the amendment would be futile. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

### III.    Analysis

The well-pleaded factual allegations in the complaint, accepted as true for the purpose of this motion, establish the following timeline.  On November 4, 2021, a school administrator saw bruises on Doe's arm and threatened to call Child Protective Services.  After that, Doe stopped coming to school and began to live with Grigsby and Magee during the spring 2022 semester.  In March 2022, Klein ISD unilaterally withdrew Doe from school and did not allow her or her mother a chance to appeal the withdrawal decision.  In February 2023, Doe's mother reported to law enforcement and Klein ISD that Doe had been trafficked since 2021, when she was a student at Klein.  Doe alleges that even after her mother reported the trafficking to law enforcement and Klein ISD, Grigsby and Magee continued to traffic Doe.  Grigsby was finally arrested on April 8, 2024, and charged with trafficking a child.

Doe filed this suit on February 7, 2025.  (Docket Entry No. 1).  Klein ISD argues that the statute of limitations bars Doe's Title IX claim.  (Docket Entry No. 34 at 8).  In Klein ISD's view, Doe's claim accrued in November 2021, when she alleges that Klein ISD became aware of the abuse.  (*Id.*).  Klein ISD acknowledges that the two-year statute of limitations was tolled until Doe turned eighteen.  (*Id.*).  Based on Doe's pleadings, Doe would have turned eighteen in December 2022.[1]  Relying on the Fifth Circuit's decision in *King-White v. Humble Independent School District*, 803 F.3d 754 (5th Cir. 2015), this court dismissed Doe's previous claims, without prejudice, as barred by limitations.  (Docket Entry No. 32 at 6–10).  Doe amended her complaint, and Klein ISD reasserted its limitations argument.  (Docket Entry No. 34 at 8).

---

[1]  During the May 16, 2025, initial conference, the parties stipulated that Doe turned eighteen on September 21, 2022.  (Docket Entry No. 32 at 6 n.1).  Because the precise date of Doe's eighteenth birthday does not affect the resolution of Klein ISD's motion, the court accepts as true the allegation in Doe's complaint.

A.    The Statute of Limitations

Title IX claims are "governed by state statutes of limitations for personal injury actions." *King-White*, 803 F.3d at 759.  In Texas, the statute of limitations for personal-injury claims is two years.  *Id.* at 758; *see also* TEX. CIV. PRAC. & REM. CODE § 16.003.  "The statute of limitations begins to run the moment the plaintiff's claim accrues, unless tolling applies." *Doe 1 v. City View Indep. Sch. Dist.*, No. 24-10592, 2025 WL 2537001, at *3 (5th Cir. Sep. 4, 2025) (per curiam). Accrual occurs when "the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured." *Id.* (alterations adopted) (quoting *King-White*, 803 F.3d at 762).

A plaintiff becomes aware that she has suffered an injury when she knows: "(1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *King-White*, 803 F.3d at 762 (alteration adopted) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).  The "plaintiff need not know that she has a legal cause of action" for a claim to accrue; she needs to know only "the facts that would ultimately support a claim." *Id.* (quoting *Piotrowski*, 237 F.3d at 576).  All "that must be shown is the existence of 'circumstances that would lead a reasonable person to investigate further.'" *Id.* (alteration adopted) (quoting *Piotrowski*, 237 F.3d at 576).

Applying *King-White*, Doe's Title IX claim is time-barred.  Doe's complaint alleges that administrators at Klein Cain failed to report bruises that Hayes, a teacher, had reported seeing on Doe's arm in November 2021.  (Docket Entry No. 33 ¶ 24).  Doe alleges that, on the same day, her mother asked Klein ISD to perform a welfare check, which was not done.  (*Id.* ¶ 28).  Doe alleges that she began to live with Grigsby and Magee in the spring of 2022 and that she was forced into prostitution soon afterwards.  (*Id.* ¶¶ 31–35).  Around March 2022, Klein ISD held a Zoom

meeting with Doe that Grigsby and Magee attended.  (*Id.* ¶¶ 39–40).  On March 11, 2022, Klein ISD "unilaterally withdrew [Doe] from school despite her mother's objections [and] without any proper procedure."  (*Id.* ¶ 41).

By the spring of 2022, Doe knew that Klein ISD employees had seen bruises and other signs of abuse on Doe and knew that Grigsby and Magee—who were not Doe's parents or relatives—had taken unusually involved roles in Doe's education and life.  By that point, Doe had extensive absences, and Klein Cain unilaterally withdrew Doe from school.  By the spring of 2022, Doe knew that Klein ISD had failed to investigate her absenteeism and the signs of her abuse, and that Klein ISD was denying her educational opportunities.  By the spring of 2022, Doe knew that she was being sexually trafficked by one of her teachers and that Klein ISD had neither investigated nor intervened to stop the abuse and had instead removed her from school.  *King-White*, 803 F.3d at 762.  Doe knew of Klein ISD's alleged wrongdoing but, according to the defendants, did not sue until after limitations had expired.

In response, Doe argues that *King-White* is inapplicable and that her claim of educational-opportunity deprivation continued until April 2024, when Grigsby was arrested.  (Docket Entry No. 35 at 20–21).  These arguments fail.  *King-White* controls the accrual date of Doe's Title IX claim.  In that case, the Fifth Circuit held that "Title IX . . . should be governed by state statutes of limitations for personal injury actions," *King-White*, 803 F.3d at 759, that "the two-year limitations period" should apply to "Title IX . . . claims," *id.* at 761, and that a Title IX claim accrues when a reasonable person knows of facts that would prompt her to "investigate . . . School Officials' conduct further," *id.* at 762.  Even accepting Doe's argument that her Title IX claim accrued when she was denied an education, that occurred by March 11, 2022, the day that Klein ISD unilaterally

withdrew Doe from school. Doe offers no legal authority to support her position that her Title IX claim accrued in April 2024, rather than March 2022.

### B. Equitable Tolling

"[W]hen a federal cause of action borrows a state statute of limitations, it also borrows state tolling rules." *Doe 1*, 2025 WL 2537001, at *3 (quoting *King-White*, 803 F.3d at 764). Under Texas law, when the cause of action accrues while the plaintiff is a minor, the statute of limitations is tolled until the plaintiff turns eighteen. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 16.001(a)–(b)). This tolls Doe's claims, which accrued by the spring of 2022, until December 2022, when the complaint alleges that she turned eighteen. (Docket Entry No. 33 ¶ 20). Doe filed her complaint on February 7, 2025. Tolling the statute of limitations until Doe's eighteenth birthday still does not bring her Title IX claim within the limitations period.

Doe argues instead that either the discovery rule or doctrine of fraudulent concealment justifies equitable tolling. (Docket Entry No. 35 at 22–24). Neither does so. First, Doe cannot invoke the discovery rule. "The discovery rule is a 'narrow exception' to the legal injury rule that 'defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action.'" *Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc. v. Triex Tex. Holdings, LLC*, 659 S.W.3d 456, 461 (Tex. 2023) (quoting *Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022)). The discovery rule "applies when the injury is by its nature inherently undiscoverable." *Id.* (quoting *Agar Corp. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 139 (Tex. 2019)). "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *Id.* (quoting *Berry*, 646 S.W.3d at 524).

Doe's injury was not inherently undiscoverable.  Doe knew that Klein ISD had failed to investigate or report the signs that she was being abused and had denied her access to an education in March 2022, when it withdrew her from school.  Doe asserts that only in April 2024 did she discover "the true depth of [Klein ISD's] concealment and failure to act."  (Docket Entry No. 35 at 24).  But knowing the "true depth" of a defendant's misconduct is different from knowing the facts that give rise to a cause of action.  Doe did not need to know the extent of Klein ISD's misconduct to know that, by the spring of 2022, Klein ISD had ignored the signs that Doe was abused and trafficked and instead withdrew her from school.  (Docket Entry No. 33 ¶¶ 41, 85, 96, 98).  The Fifth Circuit has confirmed that, for Title IX claims, the accrual analysis "is, essentially, a 'discovery' rule."  *King-White*, 803 F.3d at 764.  Doe knew facts that would have caused a reasonable person to investigate Klein ISD's misconduct by, at the latest, spring 2022.  Her Title IX claim accrued then, but Doe filed this lawsuit a year too late.

Second, Doe cannot invoke the doctrine of fraudulent concealment.  Under Texas law, a defendant is "estopped from relying on limitations if they are 'under a duty to make disclosure but fraudulently conceal[] the existence of a cause of action from the party to whom it belongs.'"  *Id.* (alteration in original) (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983)).  The doctrine of fraudulent concealment tolls a statute of limitations until "when a party learns of facts, conditions, or circumstances" that would cause a reasonably prudent person to investigate and discover "the concealed cause of action."  *Id.* (quoting *Borderlon*, 661 S.W.2d at 909).

Doe argues that Klein ISD cannot assert a limitations defense because it fraudulently concealed the existence of Doe's cause of action.  (Docket Entry No. 35 at 22).  Doe asserts that "not only did the District conceal its knowledge of abuse from child protective services, law enforcement, and Doe's mother as mandatory reporters," but also withdrew Doe from school and

did not allow her to return.  Doe alleges that as a result, "she had no opportunity to discover the District had neither reported nor investigated the conduct."  (*Id.*).  Doe cites Texas's mandatory reporting statute, TEX FAM. CODE § 261.101, to support her claim that Klein ISD had a duty to disclose and failed to do so.  (*Id.*).

Doe's complaint does not allege that, before February 2023, Klein ISD or its administrators fraudulently concealed from Doe the existence of her Title IX cause of action.  Doe instead alleges that Klein ISD failed to act on its own knowledge of Doe's abuse.  (Docket Entry No. 33 ¶ 88).  Doe's complaint alleges that Klein ISD concealed the fact that Doe's mother had reported the abuse to Klein ISD officials, who failed to act.  (*Id.* at ¶¶ 79–81).  By the spring of 2022, Doe knew that Klein ISD had ignored the physical signs that Doe had been abused, had withdrawn Doe from school, and had ignored the unusual involvement of Grigsby and Magee in Doe's life.  Doe's claims accrued at the latest by the spring of 2022.  Klein ISD did not conceal its knowledge of Doe's abuse from Doe; instead, Doe alleges that she knew that Klein ISD teachers and administrators had seen the signs of her abuse well before the limitations period.  Doe "had sufficient knowledge of the relevant facts . . . to end any 'estoppel effect' that would otherwise apply."  *King-White*, 803 F.3d at 764–65.

The statute of limitations bars Doe's Title IX claims against Klein ISD.

## C.    Leave to Amend

Doe argues that the court should not dismiss her claims with prejudice "[b]ecause it is not 'beyond doubt' that [she] can prove . . . 'facts' that would establish her Title IX claim."  (Docket Entry No. 35 at 21).  Although "'[a] formal motion' is not always required" to seek leave to amend, Doe must "explain with particularity the grounds for the amendment."  *Doe 1*, 2025 WL 2537001, at \*5 (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387

(5th Cir. 2003)).  The court previously granted Doe leave to amend her complaint to plead facts showing that limitations did not bar her claims against Klein ISD.  (Docket Entry No. 32 at 10, 12).  The amended complaint does not allege facts that change the accrual or equitable tolling analyses.  Doe's briefs do not show that she could plead additional facts that would overcome the limitations bar or justify granting her leave to amend.  (*See* Docket Entry No. 35 at 21–22).  After two unsuccessful attempts, granting leave to amend again would be futile.

## IV.    Conclusion

The motion to dismiss, (Docket Entry No. 34), is granted.  Doe's Title IX claims against Klein ISD are dismissed, with prejudice, as amendment would be futile.

SIGNED on October 22, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge